# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA LOANS, INC.,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>DANIEL S. STANFORD,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 08cv1826 JM(JMA)<br><br>ORDER CONDITIONALLY GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT; DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT AS MOOT |

Plaintiff La Jolla Loans, Inc. moves for entry of default judgment against Defendant Daniel S. Stanford ("Stanford") in the amount of $217,497.16, plus costs and expenses. Defendant Daniel S. Stanford separately moves to set aside entry of default. All motions are opposed. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court conditionally grants Sanford's motion to set aside entry of default upon payment of Plaintiff's reasonable attorney's fees in the amount of $1050. Sanford must make the required payment to Plaintiff's attorney within 10 days of entry of this order. The court also denies Plaintiff's motion for entry of default judgment (Docket No. 6) as moot.

## BACKGROUND

Plaintiff commenced this diversity action on October 7, 2008 seeking to collect on an unconditional guaranty allegedly executed by Stanford. On April 20, 2007 Plaintiff made a loan to Gaston Partners LLC, a Washington State limited liability company, in the amount of $780,000 for

1 the purchase of real property located in Dallas County, Texas. (Compl. ¶7). To induce Plaintiff to
2 make the loan, Stanford allegedly executed an unconditional guaranty, guaranteeing repayment of the
3 loan. (Compl. ¶8-9, Exh. A). In June 2008 Gaston Partners LLC defaulted on the loan and the
4 beneficiaries under the Deed of Trust proceeded with a non-judicial foreclosure of the property. After
5 applying all credits and payments received, Plaintiff alleges that the amount due under the guaranty
6 is $217,497.16, plus costs and expenses. (Compl. ¶11).

7 Plaintiff personally served Stanford on December 16, 2008 and, on January 6, 2009 Plaintiff
8 moved the Clerk of Court for entry of default. The next day, January 7, 2009, the Clerk of Court
9 entered default against Stanford. (Court Docket No. 5).

10 Plaintiff now moves for entry of default judgment in the amount of $217,497.16, plus costs and
11 expenses. Defendant opposes the motion and separately moves to set aside default, arguing that there
12 is good cause to set aside default.

### DISCUSSION

**Motion to Set Aside Default**

Legal Standards

Under Rule 55(c) the court may set aside entry of default for good cause. Fed.R.Civ.P. 55 (c). The court has broad discretion in resolving a Rule 55(c) motion to set aside an entry of default. See Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir. 1986). The court may use the factors relevant to a Rule 60(b) motion to set aside a final default judgment, but should apply the factors more liberally when addressing a Rule 55(c) motion. Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). Even in the more rigorous Rule 60(b) context, there is a strong preference for trial on the merits, and any doubts should be resolved in favor of setting aside the default. See Direct Mail Specialists v. Eclat Computerized Technologies, 840 F.2d 685, 690 (9th Cir. 1988). Further, where there is a meritorious defense, "doubt, if any, should be resolved in favor of the motion to set aside the judgment." In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991).

Good Cause

In determining good cause, the primary factors considered in granting relief from entry of default are diligence, the merits of the case, and prejudice. See Mendoza, 783 F.2d 941; Johnson v.

1  Dayton Elec. Mfg. Co., 140 F.3d 781, 783-84 (8th Cir. 1998). The court concludes that Stanford acted
2  with reasonable diligence in seeking to retain counsel. Stanford, a resident of Sammamish,
3  Washington, declares that upon receipt of the complaint and summons on December 16, 2008 he
4  immediately contacted a lawyer in Washington State on December 17, 2008 with the expectation that
5  the attorney would represent him in this action. Defendant declares that he believed that Constance
6  Proctor, a lawyer located in Washington State, "would be handling the matter." (Sanford Decl. ¶4).
7  On or about January 14, 2009 Ms. Proctor informed Sanford that she would not be handling the matter
8  because she was not licensed to practice law in California. (Id. ¶5). Between January 14 and January
9  28, 2009 Stanford sought to retain counsel and, on January 30. 2009 he retained the law firm of
10 Lapidus & Lapidus. By this time, however, default had been entered on January 7, 2009.

11 On the merits, it appears that Defendant may have a meritorious defense in that he declares that
12 the signature on the unconditional guaranty is of questionable authenticity. (Stanford Decl. ¶8, "I do
13 not recall signing this document. Moreover, the signature does not match my signature."). Further,
14 the only prejudice identified by Plaintiff is the additional expenses incurred for having to file
15 documents (1) to enter default, (2) to obtain default judgment, and (3) to respond to Sanford's motion
16 to set aside default. "By conditioning the setting aside of a default, any prejudice suffered by the non-
17 defaulting party as a result of the default and the subsequent reopening of the litigation can be
18 rectified." Nilsson, Robbin v. Louisiana Hydolec, 854 F.2d 1538, 1546 (9th Cir. 1988). To ameliorate
19 prejudice to Plaintiff caused by Stanford's delay in timely responding to the summons, the court
20 conditionally grants the motion to set aside entry of default upon Stanford compensating Plaintiff for
21 its reasonable attorney's fees in the amount of $1,050.[1]

22 ///
23 ///
24 ///
25 ///
26 ///

---

[1] The court finds the amount of attorney's fee requested to be a reasonable amount under the circumstances. Plaintiff seeks to be compensated for seven hours of attorney time at the reasonable hourly rate of $150 per hour.

In sum, the court conditionally grants the motion to set aside entry of default. Upon Defendant reimbursing Plaintiff for its litigation costs in the amount of $1,050, entry of default will be set aside. Payment must be received by Plaintiff within 10 days of the date of entry of this order. Finally, Plaintiff's motion for entry of default judgment is denied as moot.

**IT IS SO ORDERED.**

DATED: March 17, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:   All parties